PORTER NEEDLE Co. *v.* NATIONAL NEEDLE Co. and others.

*(Circuit Court, D. Massachusetts. January 3, 1885.)*

PATENTS FOR INVENTIONS — USE OF PATENT AFTER EXPIRATION OF LICENSE — DAMAGES.

While ordinarily the amount of damages to be paid by a party who has continued to use a patented machine after the expiration of a license granted to him, would be what such party would have been willing to pay as a license fee for the use of the machines, where it appears that the machine embodies other patented devices, it should be shown what portion of the license fee was paid for the part covered by the patent in controversy, and this portion would be the proper measure of damages.

In Equity. Exceptions to master's report.

*T. W. Clarke,* for complainant.

*J. E. Abbott,* for defendants.

COLT, J.· The court decided *(Porter Needle Co. v. National Needle Co.* 17 FED. REP. 536) that the contract of September 12, 1877, did not convey the right to use the infringing machines after July 1, 1880, and that the defendants since that date must pay for their use. The case was thereupon sent to a master. The present hearing was had upon certain exceptions taken by the defendants to the master's report. The master has reported as damages what he finds the defendant company would have been willing to pay as a license fee for the use of the machines. *McKeever* v. *U. S.* 23 O. G. 1525. If it was clear the patent in suit covered all the mechanism of value in the machine, we should approve of the master's finding; but it seems from the evidence that the machine embodies other patented devices. From all that appears, therefore, a part of the license fee charged for leased machines, upon which the master bases the damages found, was paid for the use of these other patents. The fact that there was no evidence introduced as to the value of any of the other inventions would not, of itself, warrant the conclusion that the license fee was paid solely for the use of the patent in suit. Damages must be actual, and must be proved. *Seymour* v. *McCormick,* 16 How. 480. The license fee paid being for the use of the whole machine, it should have been proved that the particular patent embraced all the mechanism of value in the machine. If the patent covers only a part of the mechanism, then it should appear what portion of the license fee was paid for its use, and what portion for the use of other inventions embodied in the machine. *Wooster* v. *Simonson,* 16 FED. REP. 680. The second and ninth exceptions are sustained. The remaining exceptions are overruled. The case is referred back to the master, with liberty to the complainant to reopen proofs on the question of damages.